1  REGINA J. MCCLENDON (State Bar No. 184669)
   SEVERSON & WERSON
2  A Professional Corporation
   One Embarcadero Center, Suite 2600
3  San Francisco, CA  94111
   Telephone:  (415) 398-3344
4  Facsimile:  (415) 956-0439

5  SCOTT J. HYMAN (State Bar No. 148709)
   LAURA GRECO (State Bar No. 211578)
6  SEVERSON & WERSON
   A Professional Corporation
7  The Atrium
   19100 Von Karman Ave., Suite 700
8  Irvine, CA  92612
   Telephone:  (949) 442-7110
9  Facsimile:  (949) 442-7118

10 Attorneys for Defendant
   FORD MOTOR CREDIT COMPANY dba
11 Mazda American Credit

12
                    UNITED STATES DISTRICT COURT
13
                   EASTERN DISTRICT OF CALIFORNIA
14
                           FRESNO DIVISION
15
   COBRAIN SPARROW,                    |  Case No.:  04-CV-06659
16
              Plaintiff,               |  **STIPULATED PROTECTIVE ORDER**
17
         vs.                           |
18
   MAZDA AMERICAN CREDIT,              |
19
              Defendant.               |
20

21

22       1.      PURPOSES AND LIMITATIONS

23       Disclosure and discovery activity in this action are likely to involve production of

24 confidential, proprietary, or private information for which special protection from public

25 disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

26 Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

27 Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

28 all disclosures or responses to discovery and that the protection it affords extends only to the

08890/0062/539024.1                              STIPULATED PROTECTIVE ORDER

limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

2.   DEFINITIONS

2.1   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   "Highly Confidential - Attorneys' Eyes Only" Information or Items:  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   Producing Party:  a Party or non party that produces Disclosure or Discovery Material in this action.

2.7   Designating Party:  a Party or non party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.8   Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.9.   Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

- 2 -

2.10    House Counsel:  attorneys who are employees of a Party.

2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.      DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the

- 3 -

material, documents, items, or communications for which protection is not warranted are not

swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

unnecessarily encumber or retard the case development process, or to impose unnecessary

expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non party's attention that information or items that it

designated for protection do not qualify for protection at all, or do not qualify for the level of

protection initially asserted, that Party or non party must promptly notify all other parties that it is

withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.    Except as otherwise provided in this Order

(see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

material that qualifies for protection under this Order must be clearly so designated before the

material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (apart from transcripts of depositions

or other pretrial or trial proceedings), that the Producing Party affix the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top

of each page that contains protected material.  If only a portion or portions of the material on a

page qualifies for protection, the Producing Party also must clearly identify the protected

portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY").

A Party or non party that makes original documents or materials available for inspection

need not designate them for protection until after the inspecting Party has indicated which

material it would like copied and produced.  During the inspection and before the designation, all

of the material made available for 'inspection shall be deemed "HIGHLY CONFIDENTIAL -

ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

- 4 -

copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b)      For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

(c)      For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall

08890/0062/539024.1

STIPULATED PROTECTIVE ORDER

1   identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

2   Confidential - Attorneys' Eyes Only."

3       5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

4   designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys'

5   Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

6   under this Order for such material.  If material is appropriately designated as "Confidential" or

7   "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the

8   Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

9   that the material is treated in accordance with the provisions of this Order.

10      6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

11      6.1   Timing of Challenges.  Unless a prompt challenge to a Designating Party's

12  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

13  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

14  waive its right to challenge a confidentiality designation by electing not to mount a challenge

15  promptly after the original designation is disclosed.

16      6.2   Meet and Confer.  A Party that elects to initiate a challenge to a Designating

17  Party's confidentiality designation must do so in good faith and must begin the process by

18  conferring directly with counsel for the Designating Party.  In conferring, the challenging Party

19  must explain the basis for its belief that the confidentiality designation was not proper and must

20  give the Designating Party an opportunity to review the designated material, to reconsider the

21  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

22  designation.  A challenging Party may proceed to the next stage of the challenge process only if it

23  has engaged in this meet and confer process first.

24      6.3   Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

25  designation after considering the justification offered by the Designating Party may file and serve

26  a motion under Civil Local Rule 37-251 that identifies the challenged material and sets forth in

27  detail the basis for the challenge.  Each such motion must be accompanied by a competent

28  declaration that affirms that the movant has complied with the meet and confer requirements

- 6 -

imposed in the preceding paragraph and that sets forth with specificity the justification for the

confidentiality designation that was given by the Designating Party in the meet and confer

dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating

Party. Until the court rules on the challenge, all parties shall continue to afford the material in

question the level of protection to which it is entitled under the Producing Party's designation.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed

or produced by another Party or by a non party in connection with this case only for prosecuting,

defending, or attempting to settle this litigation. Such Protected Material may be disclosed only

to the categories of persons and under the conditions described in this Order. When the litigation

has been terminated, a Receiving Party must comply with the provisions of section 11, below

(FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and

in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as

employees of said Counsel to whom it is reasonably necessary to disclose the information for this

litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the

Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    experts (as defined in this Order) of the Receiving Party to whom

disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

Bound by Protective Order" (Exhibit A);

- 7 -

STIPULATED PROTECTIVE ORDER

(d)      the Court and its personnel;

(e)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)      the author of the document or the original source of the information.

7.3      Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)      Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)      the Court and its personnel;

(d)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e)      the author of the document or the original source of the information.

- 8 -

STIPULATED PROTECTIVE ORDER

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

08890/0062/539024.1                                    STIPULATED PROTECTIVE ORDER

10.      FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 39-141.

11.      FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.      MISCELLANEOUS

12.1      Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2      Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

- 10 -

1 | no Party waives any right to object on any ground to use in evidence of any of the material

2 | covered by this Protective Order.

3 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4 |

5 | DATED:  May 26, 2005

6 | SEVERSON & WERSON
A Professional Corporation

7 |

8 | By  /s/_____
Laura Greco

9 |

10 | Attorneys for Defendant
FORD MOTOR CREDIT COMPANY dba
Mazda American Credit

11 |

12 | DATED:  May 26, 2005          HYDE & SWIGART

13 |

14 |

15 | By  /s/
Joshua Swigart

16 |

17 | Attorneys for Plaintiff
COBRAIN SPARROW

18 | PURSUANT TO STIPULATION, IT IS SO ORDERED.

19 |

20 | DATED:  May _24, 2005

21 | _____
/s/ Oliver W. Wanger
United States District Judge

22 |

23 |

24 |

25 |

26 |

27 |

28 |

- 11 -

08890/0062/539024.1                          STIPULATED PROTECTIVE ORDER