Robert L. Hyde (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
110 West 'C' Street, Suite 2018
San Diego, CA 92101
Telephone: (619) 233-7770
Facsimile: (619) 330-4657

**Attorneys for Plaintiff**
Cobrain Sparrow

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COBRAIN SPARROW,<br><br>                    Plaintiff,<br><br>vs.<br><br>MAZDA AMERICAN CREDIT,<br><br>                    Defendant. | Case No.: 04CV-06659 OWW (SMS)<br><br>**MOTION FOR DISMISSAL OF DEFENDANTS COUNTERCLAIM PURSUANT TO FED.R.CIV.P. 12.**<br><br>MOTION DATE: AUGUST 8, 2005<br>TIME: 10:30 A.M.<br>LOCATION: COURTROOM 2<br>JUDGE: HON. OLIVER W. WANGER |

*STATEMENT OF FACTS*

Sometime before May 4, 2004, Plaintiff allegedly incurred personal financial obligations to Mazda American Credit. Sometime thereafter, Plaintiff fell behind in the payments allegedly owed on the alleged debt. On or about May 4, 2004, Defendant began a campaign of abusive and harassment against Plaintiff at her place of employment in violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code 1788 et seq. and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

Plaintiff has been damaged physically, emotionally, and financially, due to these abusive debt collection practices by Defendant. Defendant now hopes to obfuscate the issues and confuse the jury by introducing a totally unrelated cause of action on counterclaim for breach of contract. This counterclaim is inappropriate and this court does not have subject matter jurisdiction. This counterclaim should be dismissed by the Court.

*INTRODUCTION*

Apparently, the policy of Defendant is to sue anyone who attempts to invoke their rights under consumer laws, without regard to whether the debt is valid. This is, no doubt, by design. As the <u>United States District Court for the Eastern District of California</u> has stated in the strongest of terms, if the Courts were to allow debt collectors to sue for the underlying debt in federal court as a response to their being sued, that action would improperly discourage and infringe on the rights of the very person the FDCPA is designed to protect. In *Ballard v. Equifax Check Servs.*[1], the Court dismissed a debt collector's counterclaim for the underlying debt in a case very similar to this, stating:

> "The court finds that there are compelling reasons of public policy embodied in the FDCPA for declining jurisdiction in this case. (citation omitted.) To allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this . . . . Given the remedial nature of the FDCPA and the broad public policy it serves, federal courts should be loath to become immersed in the debt collection suits [brought by] the target of the very legislation under which the FDCPA plaintiff states a cause of action."[2]

---

[1] 186 F.R.D. 589, 1999 U.S. Dist. LEXIS 4071, 1999 WL 176503
[2] 186 F.R.D. 589 at 599-600

## STATEMENT OF THE ISSUES

Does this Court have the requisite Subject Matter Jurisdiction to make a determination on Defendant's counterclaim? Plaintiff asserts that it does not and the Court must therefore dismiss pursuant to Fed.R.Civ.P. 12(h)(3).

### FED.R.CIV.P. 12(b)(1) STANDARD

Plaintiff and counsel bring this motion pursuant to Fed.R.Civ.P. 12(b)(1), which provides:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . ..

A motion to dismiss under Fed.R.Civ.P. 12(b)(1) can challenge a party's claim both facially and substantively.[3] On a facial challenge, the moving party contests the adequacy of the language used in the pleading, whereas on a substantive challenge, a moving party contests the factual basis giving rise to federal jurisdiction. When a party challenges subject matter jurisdiction, the non-moving party must bear the burden of establishing jurisdiction.[4] In other words, here, the Defendant bears the "burden of establishing subject matter jurisdiction and the Court must presume that it lacks jurisdiction until the plaintiff demonstrates that jurisdiction exists."[5]

### FED.R.CIV.P. 12(h)(3) STANDARD

A court that lacks subject matter jurisdiction "shall dismiss the action."[6] Issues of subject matter jurisdiction may be raised at any time.[7] When jurisdiction is questioned, a court is obligated to make an independent determination of the facts.[8] A court must consider impediments to subject matter jurisdiction at any time during the litigation.[9]

---

[3] See *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (discussing the differences between facial and factual jurisdictional attacks), *Scarfo v. Ginsberg*, 175 F.3d 957, 960-61 (11th Cir. 1999) (same).
[4] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), *Thomson v. Haskill*, 315 U.S. 442, 446 (1942).
[5] *Pavone v. Citicorp Credit Servs.*, 60 F. Supp. 2d 1040, 1046 quoting *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).
[6] Fed.R.Civ.P. 12(h)(3).
[7] *Fromm v. Comm'n of Veterans Affairs*, 220 F.3d 887, 890 (8th Cir. 2000).
[8] *Mennen Co. v. Atlantic Mutual Ins. Co.*, 147 F.3d 287 (3d Cir. 1998).
[9] *Irish Lesbian and Gay Org. v. Giuliani*, 142 F.3d 638 648 (2d Cir. 1998).

## ARGUMENT

### DEFENDANT ASSERTS A PERMISSIVE COUNTERCLAIM, NOT A COMPULSORY COUNTERCLAIM

Counterclaims are divided into two broad categories: compulsory and permissive.[10] A compulsory counterclaim arises "out of the transaction or occurrence that is the subject matter of the opposing party's claim."[11] A permissive counterclaim is "any claim against an opposing party not arising out of the transaction or occurrence that is the subject of the opposing party's claim."[12]

The counterclaim made by Defendant is not a compulsory counterclaim, but rather a permissive counterclaim. The transaction or occurrence which gives rise to Plaintiff's claim herein is an abusive attempt by Defendant to collect on a debt by harassing Plaintiff at her place of employment, in violation of the RFDCPA and FDCPA. Defendant's counterclaim arises out of a previous separate and distinct event—namely, an alleged breach of contract between Plaintiff and Defendant This antecedent event is separated in time, factual nexus, and legal issues from the events in which Defendant attempted to illegally collect. There is no connection between these two issues. Therefore, the only logical conclusion that one could reasonably reach is that Defendants' counterclaim is a permissive counterclaim with no independent jurisdiction for this Court to hear, and one which ultimately must be dismissed.[13] Because the events involved in Defendant's counterclaim did not arise from Defendant's actions in attempting to collect the debt, it does not arise from the same "transaction or occurrence" as those in Plaintiff's claims.[14]

As an example, in *Kuhn v. Account Control Technology, Inc.*[15], a debt collector brought a counterclaim for abuse of process against a consumer alleging violations of the

//

//

---

[10] Fed.R.Civ.P. 13.
[11] Fed.R.Civ.P. 13(a).
[12] Fed.R.Civ.P. 13(b).
[13] See *Harris v. Steinem*, 571 F.2d 119, 122-24 (2d Cir. 1978) (holding the factual connection between suit for violations of securities laws and counterclaim for libel arising out of suit was "at best attenuated").
[14] See *Considation Coal Co. v. United Mine Workers of America Dist. 12*, 213 F3d 404, 408 (7th Cir. 2000).
[15] 865 F. Supp. 1443 (D.Nev. 1994).

FDCPA. This fact pattern is directly analogous to the instant case. The court, citing to *Harris*[16], held that the abuse of process claim was not compulsory:

> [T]he Court finds that ACT's counterclaim is not mandatory because it did not arise out of the same transaction or occurrence that precipitated Kuhn's claims. Kuhn filed her FDCPA action because of ACT's alleged conduct with regard to ACT's efforts to collect the debt owed by Kuhn. As a result, the resolution of this matter will focus upon whether ACT's conduct in attempting to collect the debt violated the FDCPA. ACT, on the other hand, filed its counterclaim because it alleges that this suit was brought for improper purposes. Resolution of this issue will not focus at all upon the [sic] ACT's conduct in collecting the debt. Rather, the focus will be upon Kuhn's conduct in instituting this action, and whether the action was brought for improper purposes. Thus, the Court finds that the "essential facts" of the claims are not so logically connected as to require resolution within the same suit.[17]

The scenario in the present matter is nearly identical to Kuhn:

- Plaintiff filed an FDCPA and RFDCPA lawsuit against Defendant;
- Defendant responded by answering that lawsuit; and,
- Defendant asserts a counterclaim for which no independent federal subject matter jurisdiction exists, i.e., a claim for malicious prosecution or abuse of process, or here, breach of contract.

Finally, federal courts have considered counterclaims in FDCPA cases in which, as here, the Defendant has sued for the underlying debt and have repeatedly held the claim for the underlying debt is not a compulsory counterclaim.[18]

"[P]laintiff's FDCPA case turns on the content of defendant's written demand letters..."[19] In contrast, Defendants' nebulous counterclaims seek to impose liability for

---

[16] 571 F.2d at 119
[17] Kuhn, 865 F. Supp. at 1446.
[18] *Ballard v. Equifax Check Servs.*, 186 F.R.D. 589, 1999 U.S. Dist. LEXIS 4071, 1999 WL 176503; *Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1137 (8th Cir. 1981); *Ayres v. National Credit Management Corp.*, 1991 U.S. Dist. Decision, 1991 WL 66845(E.D. Pa. April 25, 1991); *Gutshall v. Bailey and Assocs.*, 1991 U.S. Dist. Decision, 1991 WL 166963 (N.D. Ill. February 11, 1991); *Leatherwood v. Univ. Business Serv. Co.*, 115 F.R.D. 48, 49 (W.D. N.Y. 1987).
[19] *Hart v. Clayton-Parker & Assocs.*, 869 F. Supp. 774, 777 (D. Arizona 1994).

completely separate conduct.  As the *Hart* court concluded, "[D]efendant's state-law counterclaim is not logically related to plaintiff's complaint and is therefore not a compulsory counterclaim."[20]

Accordingly, Defendants' counterclaim cannot be considered a compulsory counterclaim under Fed.R.Civ.P. 13(a).  If it is a counterclaim at all, it must be a permissive counterclaim under Fed.R.Civ.P. 13(b).

### PERMISSIVE COUNTERCLAIMS REQUIRE AN INDEPENDENT FEDERAL JURISDICTIONAL BASIS

Permissive counterclaims "are generally not within the court's supplemental jurisdiction and require an independent basis for subject matter jurisdiction in the federal court."[21]  Because Defendants' counterclaim is permissive, it may only be heard by this Court if there is an independent jurisdictional basis.  Since there is no independent jurisdictional basis, it must be dismissed.

### DEFENDANTS' COUNTERCLAIM DOES NOT HAVE AN INDEPENDENT JURISDICTIONAL BASIS

It is axiomatic that the Federal Courts are courts of limited jurisdiction.  In general, the Federal Courts may only hear matters which arise under the laws of the United States or which involve residents of different States (federal question)[22] and § 1332 (diversity).[23]  Since the parties in Defendants' alleged counterclaim are not diverse, and the amount in controversy is not alleged to be in excess of $75,000.00, there is simply no diversity jurisdiction in this case.[24]

Defendants' counterclaim also does not arise under any federal laws of the United States.  Defendants in their counterclaim identify no federal statute, code, or regulation by

---

[20] *Id.* at 777-78.
[21] 3 MOORE'S FEDERAL PRACTICE § 13.30[2], p. 13-51, (2002); see also *East-Bibb Twiggs Neighborhood Ass'n. v. Macon Bibb Planning & Zoning Comm'n.*, 888 F.2d 1576, 1578 (11th Cir. 1989) ("[W]e conclude that a federal court cannot consider a permissive counterclaim unless the counterclaimant asserts an independent jurisdictional basis"); *Shamblin v. City of Colchester*, 793 F. Supp. 831, 833 (C.D. Ill. 1992) ("A federal court has supplemental jurisdiction over compulsory counterclaims; however, permissive counterclaims require their own jurisdictional basis"); *Consolidated Freightways Corp. v. Coast Freightways, Inc.*, 628 F. Supp. 894, 897 (C.D. Cal. 1986) ("If a counterclaim is permissive it is well settled that there is no federal jurisdiction with respect thereto unless the counterclaim rests on an independent jurisdictional ground); *Dinces v. Robbins*, 604 F. Supp. 1021 (E.D. Pa. 1985) ("If, on the other hand, the counterclaim is merely a permissive one, the counterclaim must, generally, be supported by an independent basis of subject matter jurisdiction").
[22] 28 U.S.C. § 1331
[23] 28 U.S.C. § 1332
[24] Defendant's Answer and counterclaim of Defendant Arrow Financial Services, ¶ 31, and Prayer ¶ 3.

which Congress authorized the bringing of its counterclaim. It is the duty of the pleader to make the requisite jurisdictional allegations.[25] Here the counterclaim is a state breach of contract action, and as such, not a federal question.

In fact, courts that have considered counterclaims arising from litigation under federal statutes have held that they do not arise under the laws of the United States for the purposes of federal question jurisdiction. In *Kuhn v. Account Control Technologies, Inc.*[26], an action under the FDCPA, the court held "the claims are not so logically connected as to require resolution within the same suit."[27] In *East-Bibb Twiggs Neighbor-hood Ass'n. v. Macon Bibb Planning & Zoning Comm'n*[28], an action pursuant to 42 U.S.C. § 1983, the court held the "[counterclaimant] presents no basis for federal subject matter jurisdiction. [Counterclaimant] does not present a federal question."[29]

Similarly, Defendant's counterclaim is not among diverse parties and does not arise under the laws of the United States. Accordingly, this Court is simply without jurisdiction.

### THE GIBBS TEST

The United States Supreme Court, in *United Mine Workers v. Gibbs*, held that federal courts may assert federal question jurisdiction over pendent state law claims only if those claims satisfy a three-pronged test.[30] First, "the state and federal claims must derive from a common nucleus of operative fact . . . such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding."[31] This first element is constitutional. If the issues in dispute do not form one integrated "case or controversy," then a federal court lacks Article III authority to adjudicate the state claims.[32] Here, Defendant's counterclaims are not at all closely related. On the one hand, Plaintiff claims that Defendant used abusive tactics in collecting on an alleged debt. On the other, Defendant claims the debt is owed and a breach

---

[25] See, e.g., *Gibbs v. Buck*, 307 U.S. 66, 69-72, 59 S.Ct. 725, 728-29 (1939); Fed.R.Civ.P. 8(a).
[26] 865 F. Supp. 1443 (D.Nev. 1994).
[27] *Id.* at 1446.
[28] 888 F.2d 1576 (11th Cir. 1989).
[29] Id. at 1578.
[30] Congress has adopted the Gibbs test in recent legislation. See Judicial Improvements Act of 1990, Pub. L. No. 101-650, § 310, 104 Stat. 5089, 5113-14 (1990) (codified as 28 U.S.C. § 1367)
[31] *United Mine Workers v. Gibbs*, 383 U.S. 715 at 725 (1966).
[32] See *Id.*; U.S. Const. art. III, § 2, cl. 1.

of contract has taken place. One has nothing to do with the other.[33] Even if the debt were in fact owed and a breach of contract did in fact take place, Defendant's abusive tactics are illegal and under the strict liability structure of the FDCPA and the RFDCPA, the underlying debt has no bearing whatsoever on the illegality of Defendant's actions or the extent of their liability for any violations. Whether the debt is actually owed has no bearing on an action under the FDCPA or the RFDCPA.[34] Defendant's counterclaim fails this first prong.

Second, *Gibbs* states that "the federal claim [upon which pendent jurisdiction is premised] must have substance sufficient to confer subject matter jurisdiction on the court."[35] This requirement is also constitutional. If the claims all arise from a common transaction or occurrence, then, "assuming substantiality of the federal issues, there is power in federal courts to hear the whole."[36] In the present case, there are no federal claims with regard to Defendant's counterclaim.

Finally, even when a federal court has the constitutional power to hear pendent claims under the first two prongs, *Gibbs* holds that the court may (and should) refrain from ruling on those claims in certain circumstances. The court must weigh "considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims."[37] This issue is best handled in state court. It is also unfair to Plaintiff to allow Defendant to counterclaim because of a retaliation "policy" designed for the purpose of harassing Plaintiff for having the nerve to sue Defendant for violating Plaintiff's rights under the FDCPA and the RFDCPA. More importantly, the issue of the underlying debt would confuse or prejudice the trier of fact. Defendant's counterclaim could have no other purpose.

//

---

[33] *Clark v. Retrieval Masters Creditors Bureau, Inc.*, 185 F.R.D. 247 (N.D. Ill. 1999). (Whether the consumer had incurred the alleged debt was a separate issue from his FDCPA claim.)
[34] *Id.* (The FDCPA applies to collection of debts even though the consumer had filed bankruptcy; whether the consumer actually owes the alleged obligation is irrelevant to FDCPA coverage.) See also, *Adams v. First Fed. Credit Control, Inc.*, 1992 WL 131121 (N.D. Ohio May 21, 1992). (Whether the debt being collected was actually owed was irrelevant to determination of violation of FDCPA.)
[35] *Gibbs*, 383 U.S. at 725 (citing *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 53 S. Ct. 549, 77 L. Ed. 1062 (1933)).
[36] *Id.* (emphasis in original; footnote omitted).
[37] *Gibbs*, 383 U.S. at 726.

*BECAUSE THIS COURT IS WITHOUT SUBJECT MATTER JURISDICTION OVER DEFENDANT'S PURPORTED COUNTERCLAIM, IT MUST BE IMMEDIATELY DISMISSED FOR LACK OF STANDING*

When the Court has no subject matter jurisdiction over a claim, it must dismiss that claim.[38] As discussed above, Defendant has failed to assert or establish either diversity or subject matter jurisdiction for its counterclaim and therefore lacks standing. The Defendants' counter-claim must therefore be dismissed.

*DEFENDANTS' COUNTERCLAIM VIOLATES PUBLIC POLICY AND AMOUNTS TO A SLAPP-TYPE LAWSUIT*

A SLAPP lawsuit (Strategic-Lawsuit-Against-Public-Participation) has been defined as one in which a lawsuit is brought by a party to "stifle those who protest against some type of high-dollar initiative or who take an adverse position on a public-interest issue…"[39] The purpose of the FDCPA and RFDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[40]

Defendants are striking back at a consumer who asserts his rights under federal and state law and are attempting to stifle those who protest their illegal collection activities. This Court should not condone this practice and should dismiss Defendants' counterclaim.

*IN CONCLUSION*

Defendants have asserted what is, at best, an affirmative defense as a counterclaim. Because the counterclaim does not arise out of the same events as Plaintiff's claim, the counterclaim is permissive. Because it is a permissive counterclaim, Defendants must show that this court has independent subject matter jurisdiction over the counterclaim in order for the Defendants to establish their standing to assert this claim before the Court. Defendants have failed to do so. Since there is no diversity between the parties, or federal question at

---

[38] Fed.R.Civ.P. 12(h)(3). See *East-Bibb Twiggs Neighborhood Ass'n.*, 888 F.2d at 1578; see also *Shamblin*, 793 F. Supp. at 833 ("A federal court must at the outset examine whether jurisdiction exists before proceeding to the merits); *Kuhn*, 865 F. Supp. at 1446 ("[A]s this Court is without subject matter jurisdiction over ACT's counterclaim, Plaintiff's Motion [to dismiss] must be granted"); *James v. Ford Motor Co.*, 842 F. Supp. 1202, 1211 (D. Minn. 1994), aff'd, 47 F.3d 961 (8th Cir. 1994) ("The court concludes that it has no jurisdiction to hear this matter. Therefore, defendants' motion to dismiss should be granted").
[39] Black's Law Dictionary 7th Ed., 1999.
[40] 15 U.S.C. § 1692(e).

issue in the counter-claim, this Court has no jurisdiction to hear the counterclaim and it must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3).

Finally, the Court should see the alleged counterclaim for what it really is—an attempt to intimidate Plaintiff and dissuade her from asserting her rights in this Court and should therefore dismiss this counterclaim as violating public policy.

Accordingly, Plaintiff respectfully ask that Defendant's counterclaim against Plaintiff be DISMISSED WITH PREJUDICE.

Dated: **June 24, 2005**

Respectfully submitted,

**Hyde & Swigart**

By: _____
**Joshua B. Swigart, Esq.**
Attorney for Plaintiff