1  Robert L. Hyde (SBN: 227183)
   bob@westcoastlitigation.com
2  Joshua B. Swigart (SBN: 225557)
   josh@westcoastlitigation.com
3  HYDE & SWIGART
   110 West 'C' Street, Suite 2018
4  San Diego, CA 92101
   Telephone:  (619) 233-7770
5  Facsimile:  (619) 330-4657

6  **Attorneys for Plaintiff**
   Cobrain Sparrow

7

8
                          UNITED STATES DISTRICT COURT
9
                          EASTERN DISTRICT OF CALIFORNIA
10

11 | COBRAIN SPARROW,              | Case No.: **04CV-06659 OWW (SMS)**          |
   |                               |                                             |
12 |                    Plaintiff, | **REPLY TO FORD MOTOR CREDIT**              |
   |                               | **COMPANY'S OPPOSITION TO**                 |
13 | vs.                           | **PLAINTIFF'S MOTION TO DISMISS**           |
   |                               |                                             |
14 | MAZDA AMERICAN CREDIT,        | MOTION DATE: AUGUST 8, 2005                 |
   |                               | TIME: 10:30 A.M.                            |
15 |                    Defendant. | LOCATION: COURTROOM 2                       |
   |                               | JUDGE: HON. OLIVER W. WANGER                |
16

17

18

19

20

21

22

23

24

25

26

27

28

The facts relevant to this Motion are contained in the Court's file and as articulated in Plaintiff's "Memorandum Of Points And Authorities In Support Of Plaintiff's Motion To Dismiss." We will not waste the Court's time by repeating them. Plaintiff does, however, find it relevant to address the following points in response to Defendant's Opposition.

### DEFENDANT HAS CHOSEN A COURT OF LIMITED JURISDICTION

A brief overview of the procedural history of this case is necessary. On October 12, 2004, Plaintiff filed her Complaint alleging one count, a violation of the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §1788 et seq.) (hereinafter "RFDCPA"), a state cause of action. Plaintiff filed this action alleging violations of the RFDCPA. Defendant apparently conducted an investigation into Plaintiff's claims and made a determination that federal jurisdiction existed, because they removed Plaintiff's claims to federal court. Defendant apparently determined that the FDCPA was implicated, thereby allowing this court, of limited jurisdiction, authority to hear Plaintiff's claims.

After removing this case, Defendant then proceeded to bring an independent *state claim*, that for breach of contract, against Plaintiff as a counter-claim. This is an action the federal court has no independent jurisdictional basis to hear. If Defendant wanted to have its state claim heard in the same action, it should not have removed it to federal court and should have instead allowed this case to proceed in a court of general jurisdiction. Now, after making this conscious choice to remove Plaintiff's action to a court of limited jurisdiction, Defendant is asking the Court to grant concessions as it faces litigating two separate actions. Defendant and Defendant alone created the problem of narrowing jurisdiction by which certain claims can be heard and can hardly be heard to request the Court hear its state claim on the basis of inconvenience.

### ONE TRANSACTION OR OCCURRENCE DOES NOT EXIST

Defendant, in its Opposition, relies heavily on the argument that it has asserted certain affirmative defenses in its Answer. This claim is meritless. Defendant is arguing that the same transaction and occurrence is present with regard to its unfair collection practices as that of an alleged breach of contract. There is no relation. An alleged contract need not

exist to give Plaintiff standing to bring an action against an unscrupulous creditor claiming a debt is owed, but even if such a contract were required, that is where the similarities would end. The fact that a valid contract exists or does not is completely irrelevant to any jury making a determination in this matter. In fact, the presence of a valid contract or lack thereof would likely be kept from the jury in a properly argued motion in limine as it would only confuse the jury and cause them to lose focus on the real issue, something courts have warned against in the past. The issue for Plaintiff is, "Did the defendant engage in illegal and unlawful collection activities?" To allow Defendant to obfuscate the issues with their cross complaint would only serve to prejudice Plaintiff's case.

It should be apparent that Defendant is attempting to bring a cross-claim in an effort to minimize its wrong-doing by pointing the finger at Plaintiff. Defendant wants to argue to the jury, "Our conduct was bad, but the plaintiff's was worse." Defendant's counter-claim and affirmative defense of offset is merely convenient for Defendant, but not compulsory, and should be severed from this federal action.

As the Eastern District of California wisely stated in Ballard v. Equifax Check Servs.:

> "The court finds that there are compelling reasons of public policy embodied in the FDCPA for declining jurisdiction in this case. (citation omitted.) To allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this . . . . Given the remedial nature of the FDCPA and the broad public policy it serves, federal courts should be loath to become immersed in the debt collection suits [brought by] the target of the very legislation under which the FDCPA plaintiff states a cause of action." [1]

//
//
//
//

---

[1] 186 F.R.D. 589 at 599-600

Accordingly, Plaintiff respectfully asks that Defendant's counterclaim against Plaintiff be DISMISSED WITH PREJUDICE.

Dated: **July 29, 2005**             Respectfully submitted,

**Hyde & Swigart**

By: _____/s/_____
**Joshua B. Swigart, Esq.**
Attorney for Plaintiff