UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COBRAIN SPARROW<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MAZDA AMERICAN CREDIT,<br><br>　　　　Defendant.<br>_____ | 1:04-cv-06659  OWW SMS<br><br>MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(1) |

## I.　INTRODUCTION

Plaintiff COBRAIN SPARROW ("Plaintiff") moves to dismiss the counterclaim of Defendant MAZDA AMERICAN CREDIT ("Defendant"). (Doc. 19, Pl.'s Mem.)  Defendant opposes the motion. (Doc. 20, Def.'s Opp.)

## II.　BACKGROUND

This case arises out of Plaintiff's allegation that Defendant violated state and federal law by engaging in abusive practices in its attempts to collect a debt from Plaintiff. Cal. Civ. Code §§ 1788 *et seq.* (Rosenthal Fair Debt Collection

1

Practices Act ("RFDCPA")); 15 U.S.C. §§ 1692, *et seq*. (Fair Debt Collection Practices Act ("FDCPA")).

Plaintiff filed the original complaint in the Superior Court of the State of California, County of Fresno, in October 2004. (Doc. 1, Notice of Removal at Ex. A, Complaint)  Defendant answered Plaintiff's complaint (Doc. 6), and also filed three state law counterclaims (Doc. 7) against Plaintiff to collect the alleged underlying debt:  (1) Breach of Contract; (2) Money Had & Received; and (3) Claim and Delivery.

Plaintiff now moves to dismiss Defendant's counterclaims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Doc. 19, Pl.'s Mem., filed June 25, 2005)  Plaintiff argues that Defendant's counterclaims are not compulsory and that therefore, this court does not have supplemental jurisdiction over them.  Defendant filed opposition to Plaintiff's motion, arguing that its counterclaims are compulsory and that supplemental jurisdiction exists.  (Doc. 20, Def.'s Mem., filed July 22, 2005)  Plaintiff replied.  (Doc. 21, Pl.'s Reply, filed July 29, 2005)  On August 5, 2005, the parties stipulated to submit these issues on the papers and waive oral argument.  (Doc. 23)

### III.   **LEGAL STANDARD**

"It is a fundamental precept that federal courts are courts of limited jurisdiction."  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Federal courts have original jurisdiction over all civil actions "arising under the

**2**

Constitution, laws, or treaties of the United States" and in all civil actions where complete diversity of citizenship exists and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  Here, while original jurisdiction exists over Plaintiff's claims under the FDCPA, which was created by federal law, original jurisdiction does not exist over Defendant's state-law counterclaims.  Diversity jurisdiction cannot provide an independent jurisdictional basis for Defendant's counterclaims because the amount Defendant is claiming is not over $75,000, as 28 U.S.C. § 1332 requires.  The only basis for jurisdiction over Defendant's counterclaims is the supplemental jurisdiction statute, 28 U.S.C. § 1367.

Plaintiff moves to dismiss Defendant's state law counterclaims for lack of subject matter jurisdiction on the basis that supplemental jurisdiction over those claims is improper.  Plaintiff moves under Rule 12(b)(1) of the Federal Rule of Civil Procedure, which allows a party to move to dismiss a claim or counterclaim for lack of subject matter jurisdiction. Once a party challenges subject matter jurisdiction, the non-moving party bears the burden to establish that subject matter jurisdiction exists.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1978).

The supplemental jurisdiction statute, 28 U.S.C. § 1367, grants federal courts supplemental jurisdiction over claims over which no original jurisdiction exists.  Section 1367(a) grants supplemental jurisdiction over state law counterclaims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy

3

under Article III of the United States Constitution."  Section 1367 applies to state law claims brought by a plaintiff as well as to counterclaims brought by a defendant.

Rule 13 of the Federal Rules of Civil Procedure defines two types of counterclaims:  compulsory and permissive.  "Compulsory" counterclaims are claims that "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ. P. 13(a).  The Ninth Circuit applies a "logical relationship test" to determine whether a counterclaim is compulsory.  Under this test, the court "analyze[s] whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  *Pochiro v. Prudential Ins. Co. of Amer.*, 827 F.2d 1246, 1249 (9th Cir. 1987) (quoting *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).  If a defendant fails to bring a compulsory counterclaim, he is barred from asserting that claim in a future proceeding. Fed. R. Civ. P. 13(a); *Sams v. Beech Aircraft*, 625 F.2d 273, 276 n. 4 (9th Cir. 1980) (citing *Baker v. Gold Seal Liquors*, 417 U.S. 467, 469 n. 1 (1974); *see also Channell v. Citicorp Nat'l Services, Inc.*, 89 F.3d 379, 385 (7th Cir. 1996).  The traditional rule is that federal courts have supplemental jurisdiction over compulsory counterclaims, since a plaintiff would otherwise lose his opportunity to be heard on that claim. *See also Gold Seal Liquors*, 417 U.S. at 468 n. 1; *Channell*, 89 F.3d at 385 ("Refusal to entertain a compulsory counterclaim might lead to its forfeiture.").

All counterclaims that are not compulsory are "permissive."

**4**

Permissive counterclaims are claims that do "not aris[e] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(b). Before 1990, when Congress enacted the supplemental jurisdiction statute, the rule was clear that federal courts did not have jurisdiction over permissive counterclaims absent an independent basis for federal subject matter jurisdiction. *See Channell*, 89 F.3d at 384; *Adams St. Joint Venture v. Harte*, 231 F. Supp. 2d 759, 761-62 (N.D. Ill. 2002); *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212-13 (2d Cir. 2004); *see also* Michelle S. Simon, *Defining the Limits of Supplemental Jurisdiction Under 28 U.S.C. § 1367: A Hearty Welcome to Permissive Counterclaims*, 9 Lewis & Clark L. Rev. 295 (Summer 2005).

After Congress enacted 28 U.S.C. § 1367, however, at least two circuits (the Seventh and the Second) have held that a federal court may exercise supplemental jurisdiction over certain permissive counterclaims. *Channell,* 89 F.3d at 384; *Rothman v. Emory Univ*, 123 F.3d 446, 454 (7th Cir. 1997); *Jones*, 358 F.3d at 212-13. These courts have altogether abandoned the analysis for determining whether supplemental jurisdiction exists based on whether a counterclaim is compulsory or permissive. *See e.g., Adams St. Joint Venture*, 231 F. Supp. 2d at 761-62; *Jones*, 358 F.3d at 212-13. These courts reason that the issue whether supplemental jurisdiction exists over counterclaims is determined by the language of § 1367 alone. *See Channel*, 89 F.3d at 386. In other words, whether supplemental jurisdiction exists over a counterclaim depends on whether the state counterclaim and the federal claim "so related...that they form part of the same case

**5**

or controversy under Article III of the United States Constitution."

The language of § 1367 derives from the test for supplemental jurisdiction as stated in *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966), in which the Supreme Court held that federal courts have supplemental jurisdiction over a state law claim where the state claim and the federal claim "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *See also City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997).

By definition, compulsory counterclaims "form part of the same [Article III] case or controversy as the federal claims since compulsory counterclaims "arise out of the same transaction or occurrence" as the primary claims. The § 1367 test for supplemental jurisdiction is broader than the test for compulsory counterclaims, so counterclaims that are compulsory under the "same transaction or occurrence" test automatically pass the § 1637 "same Article III case or controversy" test.

The difficulty with the traditional rule arises when the § 1637 supplemental jurisdiction analysis is applied to permissive counterclaims. The § 1637 same case or controversy test is clearly broader than the "same transaction or occurrence" test for compulsory counterclaims, but the § 1637 test also appears to be broader than the test for permissive counterclaims. The test for permissive counterclaims is that the state law claim does not arise out of the same transaction or occurrence as the

federal claim.  However, just because a state law claim does not arise out of the same transaction or occurrence as the federal law claim does not mean that the state law claim does not arise out of facts that bear some relationship to the facts from which the federal claim arises so that the state claim and the federal claim are considered part of the same constitutional "case." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (holding that § 1367 requires a "loose factual connection between the claims"); *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1298-1301 (7th Cir. 1995); *Channel*, 89 F.3d at 385; *see also Jones*, 358 F.3d at 213-14.

The Ninth Circuit does not appear to have explicitly addressed the issue whether the compulsory/permissive counterclaim analysis should be abandoned altogether.[1]

### III. **ANALYSIS**

Whether supplemental jurisdiction can be exercised over Defendant's counterclaims under § 1637 is a question of law.  In this case, if Defendant's counterclaims are compulsory, supplemental jurisdiction exists and the inquiry ends.  If, however, Defendant's counterclaims are permissive, the question is whether supplemental jurisdiction exists over those claims under § 1367(a).  If yes, the next question is whether the court

---

[1] The Ninth Circuit did cite the Seventh Circuit's *Channel* decision with approval in *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1114 (9th Cir. 2004).  The issue in *CE Distrib.*, however, involved a question of pendent *personal* jurisdiction, and did not address supplemental *subject matter* jurisdiction.

**7**

should exercise its discretion to decline to assert supplemental jurisdiction over those claims.

### A.   Whether Defendant's Counterclaims are Compulsory.

The first question is whether Defendant's counterclaims for the debt underlying Plaintiff's unfair collection practices claims are compulsory. Several courts have considered the question whether a claim for the underlying debt in an action originally brought by the plaintiff under the FDCPA is a compulsory counterclaim under Rule 13(a). Plaintiff cites two published cases holding that counterclaims for the underlying debt are *not* compulsory. *Leatherwood v. Universal Bus. Serv. Co.*, 115 F.R.D. 48 (W.D.N.Y. 1987); *Hart v. Clayton-Parker and Assoc., Inc.*, 869 F. Supp. 774 (D. Ariz. 1994). Another district court in the Ninth Circuit has held the same. *Taylor v. Bryant, Inc.*, 275 F. Supp. 2d 1305 (D. Nev. 2003). These courts reason that breach of contract counterclaims for the underlying debt are not "logically connected" to the unfair-collection-practices claim, despite that they both relate to the same debt. While the debt does provide some factual connection between the claims, because they arise out of the debt, the legal issues and evidence relating to the claims are considered sufficiently distinct so as not to meet the "logical relationship" test.

This reasoning may, on the surface, seem contrary to the "logical relationship" test for compulsory counterclaims. Nevertheless, this reasoning has its source in three overlapping inquiries and policy concerns identified in *Leatherwood*. First, the *Leatherwood* court noted that the issues raised by the FDCPA

8

claim and the counterclaim for the debt are distinct:

> The [FDCPA claim] relates to the application of the FDCPA and focuses on a narrow realm of facts concerning the use of abusive, deceptive and/or unfair debt collection practices by the defendants.  On the other hand, [the defendant's] counterclaim encompasses a private duty under state law and requires a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff and monetary damages resulting from the breach.  The claim and counterclaim are, of course, "offshoots" of the same basic transaction, but they do not represent the same basic controversy between the parties.

115 F.R.D. at 49.

Second, the court noted that the evidence needed to support each claim differs.  The plaintiff needs to produce evidence of the allegedly abusive collection practices, including evidence regarding the specific actions of the defendant, such as phone calls and letters, on certain dates and times; whereas the defendant needs to produce evidence of the existence of a valid contract and breach.  *Id*. at 49-50.

Third, the *Leatherwood* court noted that the claims are not related on a "transactional" level:

> [T]he FDCPA claim involves the enforcement of federal policy and federal statutory law concerning a debt collector's conduct in collecting a debt.  This claim does not concern any obligations created by the underlying debt.  In contrast, the counterclaim alleges that the plaintiff has defaulted on a private contract governed by state law.

*Id*. at 50.  Two district courts in the Ninth Circuit (District of Arizona and District of Nevada) cited *Leatherwood* with approval and have applied similar reasoning in almost identical fact

9

situations.[2]  *Hart*, 869 F. Supp. at 776 (holding that to determine whether claim is compulsory, "courts should consider whether the facts necessary to prove the claim and counterclaim substantially overlap"); *Taylor*, 275 F. Supp. 2d at 1307 (same).

Defendant argues that its counterclaims are compulsory under the Ninth Circuit's "logical relationship" test.  However, Defendant cites no published cases holding that a claim for the underlying debt in a FDCPA action was held to be compulsory.  The facts in this case are almost identical to the facts in three other district court cases holding that a counterclaim for the underlying debt in an unfair debt collection action is not compulsory.  *Leatherwood*, 115 F.R.D. at 49; *Hart*, 869 F. Supp. at 777-78; *Taylor*, 275 F. Supp. 2d at 1307.  Defendant provides no argument as to the relationship and/or overlap between the evidence about the counterclaims to collect the debt (including evidence "regarding the origination of [Plaintiff's] debt and payments that she made to reduce the debt") and evidence of

---

[2] Plaintiff cites a case decided by the Eastern District of Californa, *Ballard v. Equifax Check Serv., Inc.*, 186 F.R.D. 589, 599 (E.D. Cal. 1999), to support her argument that Defendant's counterclaims are not compulsory.  *Ballard* was a class action where the plaintiffs claimed violation of the FDCPA and the RFDCPA.  The defendants counterclaimed for the underlying debt.  *Ballard* does not support Plaintiff's argument that the counterclaims for the underlying debt are not compulsory.  The court declined to exercise jurisdiction based on its discretionary authority to decline supplemental jurisdiction under §1637(c)(4), not based on a finding that a claim for the underlying debt in a FDCPA action is not compulsory.  Furthermore, the *Ballard* decision related to a motion for reconsideration of an initial district court decision.  The reviewing court did not disturb the initial court's holding that the counterclaim *was* compulsory.

10

Defendant's allegedly abusive actions in collecting the debt. (Doc. 20, Def.'s Opp. 5)  Whether a plaintiff in an unfair debt collection practices action actually has outstanding debt is irrelevant to the merits of that claim.  *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998).  Defendant's claims are not compulsory and supplemental jurisdiction does not exist on that basis.[3]

### B. **Whether Supplemental Jurisdiction Exists over Defendant's Counterclaims.**

The analysis of the district courts in *Hart* and *Taylor* determined that the claim for the underlying debt was a permissive counterclaim and that supplemental jurisdiction therefore did not exist.  Despite that each case was decided after 1990 (when § 1637 took effect), each court held that supplemental jurisdiction could not be exercised on the basis that the claims were permissive.  The court in *Hart* did not discuss § 1367.  *Hart*, 869 F. Supp. at 777.  The *Taylor* court did

---

[3] Defendant's argument that its counterclaims are compulsory because they are related to its affirmative defense of off-set is not persuasive.  Defendant cites a district court case to support its argument that its counterclaims should proceed because they are based on similar evidence and issues to be addressed on its off-set affirmative defense.  *Competitive Technologies v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1139 (N.D. Cal. 2003).  *Competitive Technologies* cites no Ninth Circuit authority supporting this principle and has not been cited by any other courts in support of this principle.  Furthermore, the facts in *Competitive Technologies*, which involved patent infringement issues and which were highly involved and complex, are not analogous to the facts at issue here.

11

discuss § 1367, and cited to authority holding that § 1367 maintained the compulsory/permissive distinction:

> Defendant maintains that under section 1367(a), the court may exercise jurisdiction over the counterclaim regardless of whether federal subject matter jurisdictional requirements are independently met. Defendant's argument, however, overlooks the fact that even under section 1367(a), courts must still distinguish between compulsory and permissive counterclaims: federal courts have supplemental jurisdiction over compulsory counterclaims, but permissive counterclaims require their own jurisdictional basis. *Unique Concepts, Inc. v. Manuel*, 930 F.2d 573, 574 (7th Cir. 1991); *Shamblin v. City of Colchester*, 793 F. Supp. 831, 833 (C.D. Ill. 1992).

*Taylor*, 275 F. Supp. 2d at 1307.  *Taylor* was decided in 1994, before the Seventh and Second Circuits addressed this issue and held the opposite, in 1996 and 2004, respectively.  *Channell*, 89 F.3d 379; *Jones*, 358 F.3d 205.

Based upon the language of § 1637 and the holdings of the Seventh and Second Circuits in *Channel* and *Jones*, the analysis no longer ends with the compulsive/permissive counterclaim distinction.[4]  Because Defendant's counterclaims are not compulsory, the next question is whether supplemental jurisdiction over the counterclaims nevertheless exists under 28 U.S.C. § 1367(a).  The inquiry, referred to as the "case or controversy" test, as discussed above, is whether the

---

[4] Arguably, it was not necessary to engage in the analysis regarding the issue whether Defendant's counterclaims are compulsory.  The court nevertheless did so because, aside from being instructive, the Rule 13 analysis addresses the parties' arguments, which were structured around Rule 13 and not around § 1637.  In addition, the Ninth Circuit has not held that the compulsory/permissive analysis is incorrect.

**12**

counterclaim is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Because Defendant's counterclaims bear a logical and factual relationship to Plaintiff's claims in that they are related to a single debt incurred by Plaintiff, supplemental jurisdiction exists over Defendant's counterclaims under § 1367(a).

The next question is whether the court should nevertheless decline to exercise jurisdiction under § 1367(c), which provides that a district court may decline to exercise supplemental jurisdiction in one of four situations:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The applicable subsection here is § 1367(c)(4). Even if supplemental jurisdiction exists over Defendant's counterclaims, a court may decline to exercise that jurisdiction where compelling reasons exist. In a case such as this one, strong policy reasons favor declining to exercise jurisdiction. As the court states in *Leatherwood*, allowing a debt collector to bring an action for the underlying debt in a case brought under the

**13**

FDCPA may deter litigants from pursuing their rights under that statute:

> To allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this. Moreover, it would involve this Court in questions of no federal significance. Given the remedial nature of the FDCPA "and the broad public policy which it serves, federal courts should be loath to become immersed in the debt collection suits of...the target of the very legislation under which" a FDCPA plaintiff states a cause of action.

115 F.R.D. at 50 (quoting *Roberts v. Nat'l Sch. of Radio & Television Broadcasting*, 374 F. Supp. 1266, 1271 (N.D. Ga. 1974)). A major purpose of the FDCPA is to protect individuals from unfair debt collection practices regardless of whether the individual actually owes a debt. *Baker*, 677 F.2d at 777 ("The [FDCPA] is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists."); *McCartney*, 970 F.2d at 47 ("The Act makes debt collectors liable for various 'abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid."); *Keele*, 149 F.3d at 594 ("[T]he plaintiff who admittedly owes a legitimate debt has standing to sue if the [FDCPA] is violated by an unprincipled debt collector.").

Strong policy reasons exist to prevent the chilling effect of trying FDCPA claims in the same case as state law claims for collection of the underlying debt. This policy satisfies the exceptional circumstances requirement to support an order declining to exercise supplemental jurisdiction over Defendant's state law claims to enforce the debt.

**14**

**V.   CONCLUSION**

For all the foregoing reasons, Plaintiff's motion to dismiss Defendant's counterclaims is **GRANTED.** Defendant's counterclaims are **DISMISSED WITHOUT PREJUDICE.**

SO ORDERED.
DATED: **August 26, 2005.**

                                        **/S/OLIVER W. WANGER**

                                        **Oliver W. Wanger**
                                        **UNITED STATES DISTRICT JUDGE**